UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

BRIAN MINION                                                           PLAINITFF

v.                                                 CIVIL ACTION NO. 4:19-CV-P95-JHM

RN LINDSEY et al.                                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Brian Minion, proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action by filing a complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed in part and allowed to continue in part.

**I. STATEMENT OF CLAIMS**

Plaintiff is a pretrial detainee at the Henderson County Detention Center (HCDC). He names as Defendants in their individual and official capacities the following: Dr. McCoy; Jailer Amy Brady; and RN Lindsey. He also names Southern Health Partners (SHP) as Defendant. He identifies SHP as the healthcare provider at HCDC.

Plaintiff alleges that before he came to HCDC he suffered a blood clot in his right groin and was taking warfarin, with his blood levels being checked every week. He states that when he came to HCDC he only saw the nurse one time and that he told the nurse that he took a stool softener and warfarin. He states that he put in many requests about medicine for "not having a bile movement." He alleges that he noticed blood in his urine upon awakening on the morning of September 27, 2018. He states that at the 8-9:00 a.m. "pill call" he told the nurse and a guard something was wrong, "then [he] got loud," and he was taken to a holding cell. While there, he

urinated in a candy bag so that he could show a guard the blood in his urine, which resulted in the guard alerting Defendant Lindsey.  Plaintiff states that forty-five minutes later he was taken to the nurse's station where Defendant Lindsey "was on the phone with her boss" who told her to put Plaintiff in isolation and take blood.  He states that his blood was drawn and sent to the lab on September 29, 2018.  He states that Defendant Lindsey received a "red flag email" to send him to the hospital, which she did.  He asserts that at the hospital on September 30, 2018, the doctor told him that he needed emergency surgery because he was suffering from a high dose of warfarin that was shutting down his kidneys.  According to the complaint, the doctor told Plaintiff that he was lucky that his kidneys were not completely destroyed.

Plaintiff alleges that all four Defendants were notified or saw his medical emergency and that he should not have been put in isolation instead of being provided emergency medical attention.  Plaintiff states that he was in the hospital for four days.  It appears from the complaint that at some point after returning to HCDC Plaintiff was put back on warfarin, and he again was not monitored and again began to urinate blood.  In particular, he states that the doctor "at Methodist Hospital didn't know I was back on warfarin and he stated in front of the federal coordinator to test my level once a week or once every other week.  Lindsey stated that they suppose to check my blood level once a month taking 6.5 mg waffarain."  Plaintiff states that he now has a cyst on his kidney, as well as a lot of pain in his kidneys.  He alleges that because of problems having a bowel movement he has requested a stool softener, but apparently has not received one, and that he still has lower back and groin pain.

Plaintiff next alleges that "overcrowding and one shower, toilet took a toll on my mind state cause I already suffer mentally default cause of my renal failure at Henderson County Jail from inadequate medical service."  He states that he is not allowed outside and instead is stuck in

the dorm with 14-16 people in a 10-person cell. He states that his cell receives diabetic meals because of an insulin-dependent inmate housed in that cell. According to Plaintiff, because of the diabetic diet he is "slightly starving." He states that the diabetic food trays have no fruit and are mostly starch. He further states that because he is 6'4" tall he is forced to sleep on the floor because the bunks are not big enough.

Plaintiff asks for monetary and punitive damages.

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*A. Deliberate indifference to a serious medical need*

The Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, and the Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016)). The Sixth Circuit has "historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id*. (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).

At this time, the Sixth Circuit has recognized only one explicit exception to the general rule that rights under the Eighth Amendment are analogous to rights under the Fourteenth Amendment. This exception applies only to excessive-force claims brought by pretrial detainees. *Id*. at 938 n.3 (noting that *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S. Ct. 2466 (2015), abrogated the subjective-intent requirement for Fourteenth Amendment excessive-force claims and that the standard which governs claims by pretrial detainees may be shifting, but declining to apply the *Kingsley* standard to a claim of deliberate indifference to a serious medical need brought by a pretrial detainee); *see also Walker v. Miller*, No. 18-3209, 2018 WL 7575709, at *1 (6th Cir. Oct. 17, 2018) (continuing to apply the traditional standard to a deliberate-indifference-to-a-serious-medical-need claim brought by a pretrial detainee).[1] That is, for a violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs. " *Farmer v.*

---

[1] The Eastern District of Kentucky in a recent published decision found that *Kingsley* is meant to apply to all § 1983 claims brought by pretrial detainees. *Love v. Franklin Cty., Ky.*, 376 F. Supp. 3d 740, 746 (E.D. Ky. 2019) ("We must faithfully apply the Supreme Court's precedent . . . . To do that, this Court must apply the objective test to claims of deliberate indifference."). The Court finds in the instant case that Plaintiff's allegations regarding deliberate indifference to his serious medical need meet even the more stringent test requiring both subjective and objective intent.

4

*Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). In other words, to state a cognizable claim, a prisoner must show that the official "acted or failed to act despite his knowledge of a substantial risk of serious harm" to the inmate. *Terrance*, 286 F.3d at 843 (quoting *Farmer*, 511 U.S. at 842).

*1. Individual-capacity claims*

The Court will allow to continue Plaintiff's claim for deliberate indifference against Defendant Lindsey in her individual capacity.

The individual-capacity claims against Defendants McCoy and Brady will not be allowed to continue because Plaintiff makes no allegations that these Defendants were personally involved in the alleged deliberate indifference. Some factual basis for a claim against a Defendant must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The specific facts must also explain how each Defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint fails to do so with regard to Defendants McCoy and Brady. As such, the deliberate-indifference claims against them must be dismissed for a failure to state a claim. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

*2. Official-capacity claims*

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against

Defendants McCoy, Brady, and Lindsey, in their official capacities are actually brought against their employer. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). Defendant Brady, HCDC Jailer, is employed by Henderson County. It is not clear whether Defendants McCoy and Lindsey are employed by Southern Health Partners or by Henderson County. However, § 1983 claims made against a municipality, like Henderson County, or a private corporation in contract with Henderson County, like Southern Health Partners, are analyzed in the same way. *See Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds, Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

The Court finds that Plaintiff's complaint states a policy with regard to requiring blood to be drawn before being sent to the hospital and a policy regarding only testing blood levels once a month instead of every week or two weeks as the doctor at Methodist Hospital ordered. Therefore, the Court will allow these deliberate-indifference claims to continue against Defendant Southern Health Partners and Henderson County.

### B. Conditions of confinement

Plaintiff alleges that "overcrowding and one shower, toilet took a toll on my mind state." He states that he is not allowed outside and instead is stuck in the dorm with 14-16 people in a 10-person cell. He states that he is "slightly starving" because he is housed in a diabetic cell. He states that the diabetic food trays have no fruit and are mostly starch. He alleges that because he is too tall for a bunk, he is forced to sleep on the floor.

The Court finds that none of Plaintiff's allegations regarding his conditions of confinement rise to the level of a constitutional violation.

Overcrowding in a prison is not itself a violation of the constitution. *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981). Overcrowding conditions can be restrictive and even harsh; however, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities. *Id.* at 348. The Court finds that Plaintiff's allegations with regard to overcrowding do not rise to this level. *See, e.g.*, *Hubbard v. Taylor*, 538 F.3d 229, 235 (3d Cir. 2008) (finding that forcing pretrial detainees to sleep on a mattress on the floor for three to seven months due to overcrowding is not a constitutional violation); *Galloway v. Henderson Cty.*, No. 4:16CV-P156-JHM, 2017 WL 2272084, at *3 (W.D. Ky. May 24, 2017) (finding that the plaintiff's allegations that HCDC is overcrowded with unsanitary

living conditions, inadequate facilities, and limited access to recreation did not rise to the level of a constitutional violation).

Nor does Plaintiff state a claim concerning his allegation that he is being "slightly" starved due to being fed a diabetic diet. *See, e.g.*, *Luther v. Ky. Dep't of Corr.*, No. 5:18CV-P178-TBR, 2019 WL 1338721, at *4 (W.D. Ky. Mar. 25, 2019) ("Plaintiff asserts that he was denied adequate nourishment, suffered from 'starvation,' and became 'malnourished.' . . . . [T]he Court finds that these are conclusory allegations . . . which the Court is not required to accept."); *Stapleton v. Wilson*, No. CIV A 07-CV-218-KSF, 2007 WL 3120121, at *6 (E.D. Ky. Oct. 23, 2007) ("The plaintiff's vague allegation that he was 'starved' is too ambiguous to support a claim under § 1983.").

Moreover, Plaintiff does not state that he suffered any harm as a result of the alleged overcrowding, starvation, or being forced to sleep on the floor. Plaintiff may not recover damages for mental or emotional injury without a showing of physical injury. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). "The Sixth Circuit has repeatedly held that Eighth Amendment claims for monetary relief based on mental or emotional injury are precluded by § 1997e(e) absent a showing of physical injury." *Jennings v. Weberg*, No. 2:06CV235, 2007 WL 80875, at *3 (W.D. Mich. Jan. 8, 2007) (collecting cases). Thus, all of Plaintiff's conditions-of-confinement claims will be dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that all of Plaintiff's conditions-of-confinement claims and that his individual-capacity claims against Defendants McCoy and Brady are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

The Court will allow Plaintiff's deliberate-indifference claims to continue against Defendant Lindsey in her individual and official capacities and against Southern Health Partners and Henderson County. Because the suit against Defendants employed by Henderson County is tantamount to suing Henderson County, the **Clerk of Court is DIRECTED** to add Henderson County as a Defendant in this action.

The Court will enter a separate Scheduling Order to govern the development of the continuing claims. In allowing those claims to go forward, the Court expresses no opinion on their ultimate merit.

Date: September 25, 2019

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Henderson County Attorney
4414.009