UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

BRIAN MINION                                                                  PLAINITFF

v.                                                    CIVIL ACTION NO. 4:19-CV-P95-JHM

RN LINDSEY et al.                                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

      Before the Court is the motion for summary judgment filed by Defendant Henderson County. For the following reasons, the Court will grant the motion and dismiss Henderson County as a Defendant in this action.

**I. STATEMENT OF THE CASE**

      Plaintiff Brian Minion was a pretrial detainee at the Henderson County Detention Center (HCDC) when he initiated this *pro se*, *in forma pauperis* 42 U.S.C. § 1983 action. He named as Defendants in their individual and official capacities the following: Dr. McCoy; HCDC Jailer Amy Brady; and RN Lindsey Ridings. He also named Southern Health Partners (SHP), the healthcare provider at HCDC, as Defendant. His complaint alleged unconstitutional conditions of confinement and deliberate indifference to his serious medical need, specifically regarding monitoring his blood levels while taking a medication, warfarin, for a blood clot.

      On initial screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Court dismissed all of Plaintiff's conditions-of-confinement claims and his individual-capacity claims against Defendants McCoy and Brady for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). The Court found that the complaint stated a policy with regard to requiring an inmate's blood to be drawn before being sent to the hospital

and a policy regarding only testing blood levels once a month instead of every week or two weeks. The Court stated that it was not clear whether Defendant Lindsey was employed by Henderson County or SHP. The Court allowed Plaintiff's deliberate-indifference claims to continue against Defendant Lindsey in her individual and official capacities and against Southern Health Partners and Henderson County.

Plaintiff's allegations related to those claims were as follows. Plaintiff alleged that before he came to HCDC he suffered a blood clot in his right groin and was taking warfarin, with his blood levels being checked every week. He stated that when he came to HCDC[1] he only saw the nurse one time and that he told the nurse that he took a stool softener and warfarin. He stated that he put in many requests about medicine for "not having a bile movement." He alleged that he noticed blood in his urine upon awakening on the morning of August 27, 2018.[2] He stated that at the 8-9:00 a.m. "pill call" he told the nurse and a guard that something was wrong, "then [he] got loud," and he was taken to a holding cell. While there, he urinated in a candy bag so that he could show a guard the blood in his urine, which resulted in the guard alerting Defendant Lindsey; forty-five minutes later he was taken to the nurse's station where Defendant Lindsey "was on the phone with her boss" who told her to put Plaintiff in isolation and take blood. He stated that his blood was drawn and sent to the lab. He stated that the next day Defendant Lindsey received a "red flag email" to send him to the hospital, which she did. He asserted that at the hospital the doctor told him that he needed emergency surgery because he was suffering

---

[1] The complaint did not specify when Plaintiff arrived at HCDC, but the motion for summary judgment provides that Plaintiff arrived on August 3, 2018, and Plaintiff does not dispute the accuracy of this date.

[2] The complaint identifies this date as September 27, 2018. However, the motion for summary judgment states that this date was August 27, 2018. The complaint and the summary-judgment motion agree as to the time spans between dates discussed by Plaintiff and the length of his stay in the hospital. Because the dates in the summary-judgment are supported by documentation attached as exhibits and Plaintiff does not dispute those dates, the Court will use the dates provided by those documents and does not consider the discrepancy in dates to be a material issue of genuine fact precluding summary judgment.

from a high dose of warfarin that was shutting down his kidneys and asked why he had not been brought to the hospital earlier.

**Pending discovery and amendment requests**

Before considering Henderson County's motion for summary judgment, the Court will address several documents filed by Plaintiff which the Court considers to be motions or which contain requests for certain relief related to his claims. These documents are a letter (DN 19) from Plaintiff; Plaintiff's response and supplemental response to the summary-judgment motions (DNs 21and 25); and a motion to amend or correct the complaint (DN 27). These motions will be considered at this point only as they pertain to Henderson County.[3]

First, the Court considers Plaintiff's requests regarding discovery contained in DNs 19 and 21.

A letter (DN 19) from Plaintiff was filed on the discovery deadline set out in the Court's Scheduling Order (DN 6), January 17, 2020, in which he states that he would like to file a "motion for continue because I just receive some documents . . . I only got partial of the documents I requested. I just need until next week." Henderson County certified that it hand-delivered Plaintiff's personnel and medical file to him on January 8, 2020 (DN 17), and the Court assumes these are the documents to which Plaintiff is referring. It appears from this letter that Plaintiff wished to extend the discovery deadline.

In Plaintiff's response (DN 21) to Henderson County's motion for summary judgment, Plaintiff states that he needs the names of deputies and nurses he wishes to identify as well as certain statements he needs "off the Henderson County Detention . . . tablet." Plaintiff states,

---

[3] The two other remaining Defendants, Southern Health Partners (SHP) and Defendant Lindsey, have also filed a motion for summary judgment. The aforementioned documents, responses, and motions filed by Plaintiff combine requests for relief as to claims against all three Defendants.

3

"I'm filing motion to gane more evidence for my case." He also asks for "continue on the matter interrogatory statement, cause I need those statement to my evidence."

The Court notes that in these documents Plaintiff identifies no discovery relevant to the question at issue, *i.e.*, whose custom or policy is responsible for the alleged deliberate indifference to his serious medical need resulting in his hospitalization. In DN 24, Henderson County objects to Plaintiff having served interrogatories on it after the discovery deadline, pointing out that Plaintiff made no attempt to conduct discovery prior to the deadline and that it has already provided Plaintiff with every discoverable document in its possession. It further points out that only two of the interrogatories, which they attach, are directed at Henderson County. The two interrogatories ask whether it is HCDC policy for staff to deny an inmate to see the nurse because he is not wearing a jail-issued shirt and whether it is common for HCDC staff to refuse an inmate medical attention.

There were no allegations in the complaint about being refused medical attention for not wearing a shirt. As to the interrogatory regarding whether it is common for HCDC staff to refuse an inmate medical attention, the allegations of the complaint are that while Plaintiff was temporarily taken to a holding cell after he "got loud" at pill call, once he showed the guard the blood in his urine, he was taken to the nurse's station within the hour. The Court finds that Plaintiff's untimely interrogatory directed at HCDC is not relevant in the context of his complaint. Accordingly, to the extent that Plaintiff's letter and response are intended as motions for additional discovery in order to respond to Henderson County's motion for summary judgment,

**IT IS ORDERED** that these motions (DNs 19 and 21) are **DENIED**.

In Plaintiff's motion to amend or correct the complaint (DN 27) as it relates to Henderson County, Plaintiff moves to add a claim of "municipal liability over Amy Brady cause she is the policy maker."  He argues that Brady has delayed him getting all of the evidence because "they fail to send incident report on August 30, 2019 when they put me in cell 418 for arguing with the nurse [and two officers]."  Plaintiff also argues that Brady knew of and disregarded a substantial risk to his health.  That motion further states that he would "like to file a motion to retrieve audit complaint of . . . national commission health service" and to "receive records of Kentucky State Bureau of Investigations."

First, adding a municipal liability claim against Brady would be tantamount to naming Henderson County as a Defendant, which it already is.  And, again, none of the requested discovery would be relevant to the question of whether a Henderson County custom or policy was responsible for the alleged indifference to his serious medical need.  Accordingly,

**IT IS ORDERED** that the motion to amend or correct as it relates to Henderson County (DN 27) is **DENIED**.

## II. ARGUMENTS

Henderson County's summary-judgment motion argues that Plaintiff's allegations arise from the action or inaction of Defendant Lindsey, who is an employee of SHP and not an employee of Henderson County.  Specifically, those allegations are that after Defendant Lindsey observed blood in his urine she placed him in isolation rather than sending him to the hospital and that Defendant Lindsey allegedly stated that she was only supposed to check his blood levels once a month.  Henderson County argues that there is no Henderson County policy or custom that directed Defendant Lindsey's actions.

5

The time-line of events set out in the summary-judgment motion is as follows. Plaintiff submitted a medical request for not having a "bile movement" for several days on August 27, 2018. He was seen by a SHP staff member on August 30, 2018, who drew blood and sent it to a lab. At that time, Defendant Lindsey put Plaintiff in medical observation for regular observation by SHP staff.[4] On August 31, 2018, a SHP staff member checked Plaintiff's urine and vitals, which were normal. The next day, September 1, 2018, the lab informed a SHP staff member that Plaintiff's blood was abnormal and that he needed to be taken to a hospital. He was taken to the hospital that day and remained there until September 5, 2018. The exhibits attached support the timeline as set forth by Henderson County.

Among the attachments to the motion is HCDC Jailer Brady's affidavit which avers that the county has no policy regarding taking inmates to the hospital or the frequency of blood testing; that HCDC contracts with SHP to provide medical care to inmates; that "SHP is solely responsible for all decisions relating to inmate medical care"; and that "[a]ll decisions related to Plaintiff's medical care while incarcerated by HCDC were made by SHP." Also attached is a contract between Henderson County and SHP for SHP to provide medical care of inmates and the Henderson County employee handbook which provides that an officer who is confronted with a medical emergency must notify SHP.[5]

Plaintiff's response (DN 21) does not dispute that Defendant Lindsey is a SHP employee.

In reply (DN 23), Henderson County states that it is "undisputed that all decisions regarding inmate medical care are made by SHP, not the County."

---

[4] Exhibit 4, a medical log dated August 30, 2018, shows that on that date Plaintiff was put in medical isolation for "blood in urine."

[5] Henderson County also argues that it is entitled to summary judgment because Plaintiff failed to comply with various of the Court's Orders. The Court does not consider these arguments because the Court finds that Henderson County is entitled to summary judgment on the merits.

6

In his supplemental response (DN 25) as it relates to Henderson County's motion for summary judgment, Plaintiff again does not dispute that Defendant Lindsey is a SHP employee.

Henderson County's sur-reply (DN 26) points out in pertinent part that Plaintiff is not entitled to file a supplemental response under the Federal Rules of Civil Procedure.

### III. ANALYSIS

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The summary-judgment rule provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  The Court has, as set forth above, denied Plaintiff's pending requests regarding discovery and amendment as to Henderson County.  The Court also more broadly considers whether it should delay or deny the summary-judgment motion, allow additional discovery time, or issue another appropriate order because Plaintiff has "shown by affidavit or declaration that for, specified reasons, [he] cannot present facts essential to justify [his] opposition."

Here, the Court finds that Plaintiff has not shown specific reasons why he cannot present facts essential to justify his opposition to the summary-judgment motion.  Plaintiff has had adequate time to conduct discovery and has been provided relevant discovery with regard to Henderson County's summary-judgment motion.  Although Plaintiff requested additional time and identifies some evidence he wishes to have, these requests are not relevant to Henderson County's summary-judgment motion.  Additionally, Henderson County certified that it has provided all relevant documents in its possession to Plaintiff.  "[A] plaintiff's entitlement to discovery before a ruling on a motion for summary judgment is not unlimited and may be cut off when the record shows that the requested discovery will not be likely to produce facts he needs to withstand a summary judgment motion.'" *Sullivan v. Aldi, Inc.*, No. 3:11CV-313-S, 2011 WL 6181398, at *2 (W.D. Ky. Dec. 13, 2011) (quoting *Netto v. Amtrak*, 863 F.2d 1210, 1216 (5th Cir. 1989)).

The issue here is whether a *Henderson County* custom or policy allegedly violated Plaintiff's constitutional right to be free from deliberate indifference to his serious medical need.  A municipality, like Henderson County, cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658,

691 (1978); *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Plaintiff must "identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds, Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

On initial screening, the Court found that Plaintiff's complaint stated a policy with regard to requiring an inmate's blood to be drawn before being sent to the hospital and a policy regarding only testing blood levels once a month instead of every week or two weeks as an outside doctor ordered. However, Henderson County's motion for summary judgment makes clear that Defendant Lindsey is a SHP employee, not a Henderson County employee, and Plaintiff does not dispute this fact. Documentation attached to the summary-judgment motion demonstrates that it is SHP not Henderson County that is responsible for inmate medical care and that there is no Henderson County custom or policy relating to Plaintiff's deliberate-indifference claim. Moreover, it is not unconstitutional for municipalities and their employees to "rely on medical judgments made by medical professionals responsible for prisoner care." *Graham ex rel. Est. of Graham v. Cty. of Washtenaw*, 358 F.3d 377, 384 (6th Cir. 2004) (internal quotation marks and citation omitted).

Henderson County has carried its burden of showing the absence of a genuine issue of material fact because it has demonstrated that no custom or policy of Henderson County was responsible for the alleged deliberate indifference. Therefore, Henderson County is entitled to summary judgment in its favor.

## III. CONCLUSION AND ORDER

For the foregoing reasons, and being otherwise sufficiently advised,

**IT IS ORDERED** that the motion for summary judgment filed by Henderson County (DN 20) is **GRANTED**.

The Clerk of Court is **DIRECTED** to terminate Henderson County as a Defendant in this action.

Date: September 11, 2020

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Counsel of record
4414.009